IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chante MASON,<br><br>                 Plaintiff,<br><br>    v.<br><br>SAM'S CLUB #6693, SAM'S EAST INC.,<br>SAM'S CLUB INC., JOHN DOE #1, JOHN<br>DOE #2,<br><br>                 Defendants. | CIVIL ACTION<br>NO. 25-5038 |

**OPINION**

**Slomsky, J.**                                                                                    **April 27, 2026**

## I.    INTRODUCTION

A case filed in state court is eligible for removal to federal court when (1) the amount in controversy exceeds $75,000, and (2) the parties are citizens of different states.  See 28 U.S.C. § 1332(a)(1).  But even if those prerequisites are present, a defendant seeking to remove a case to federal court must also comply with procedural rules.  Two rules—both related to timing—are relevant to the present dispute.  First, a defendant may only remove a case when the defendant receives a document that puts him on notice that the case is removable because the $75,000 threshold is met.  Otherwise, removal will be premature.  Second, if the document puts the defendant on notice that the case is removable, the defendant must remove the case within thirty (30) days of receiving that document.  Otherwise, removal will be untimely.  Put differently, a defendant may only remove a case to federal court when he has notice that the case is removable, but once he has that notice, he must remove the case within thirty (30) days.

After Defendants Sam's Club #6693, Sam's East Inc., and Sam's Club Inc. (collectively, "Defendants") removed this case to federal court, Plaintiff Chante Mason moved to remand it to

1

Pennsylvania state court, where it was originally filed.  The reason for seeking remand involves

the core dispute between the parties:  when—or whether—Defendants had notice that the amount

in controversy exceeded $75,000.

Before the Court is Plaintiff's Motion to Remand to State Court (Doc. No. 9) and

Defendants' Response in Opposition (Doc. No. 10).  For reasons that follow, the Court will grant

Plaintiff's Motion to Remand (Doc. No. 9) because Defendants' Notice of Removal (Doc. No. 1)

was prematurely filed.  Because of that procedural error, the case will be remanded to

Pennsylvania state court.

## II.    BACKGROUND

On May 28, 2025, Plaintiff Chante Mason filed a Complaint in the Court of Common

Pleas of Philadelphia County against Defendants Sam's Club #6693, Sam's East Inc., Sam's Club

Inc., John Doe #1, and John Doe #2.[1]  (See Doc. No. 1-1.)  In the Complaint, Plaintiff alleges

that while she was shopping in Defendants' grocery store, she "trip[ped], slip[ped], stumble[d],

and/or f[ell] due to a wet slippery floor in the bathroom."  (Id. ¶ 13.)

As a result of the fall, Plaintiff sustained several injuries.  First, Plaintiff claims that she

"suffered serious and severe bodily injuries including injuries to her left wrist, left knee, right

elbow, back, and neck, all of which caused severe pain and suffering and may be permanent."

(Id. ¶ 16.)  Additionally, the Complaint avers that Plaintiff "has been unable in the past, and is

likely to continue to be unable in the future, to attend to Plaintiff's usual duties or activities."

(Id. ¶ 19.)  Plaintiff further alleges that the resulting injuries have caused her to "receive and

undergo medical treatment for which she has incurred expenses," and that she "will be required

---

[1]    John Doe #1 and John Doe #2 have not been identified.  "Defendants" referred to in this Opinion are Sam's Club #6693, Sam's East Inc., and Sam's Club Inc.  Defendants jointly filed the Notice of Removal (Doc. No. 1).

2

to undergo additional medical treatment in the future for which she will incur additional expenses." (Id. ¶ 20.)  Based on these facts, Plaintiff alleges in the Complaint one count of negligence against Defendants.  (Id. ¶ 12–21.)

On June 2, 2025, Plaintiff served the Complaint on Defendants.  (See Doc. No. 1-2.) On June 4, 2025, Defendants requested that Plaintiff stipulate to damages lower than $75,000, writing that Defendants "will be forced to remove this matter to federal court upon receipt of any paper providing notice [that] Plaintiff's alleged damages exceed the jurisdictional threshold." (See Doc. No. 9 Ex. A.)  Plaintiff did not respond to the proposed stipulation.  (See id. ¶ 6.)

On August 4, 2025, Plaintiff's counsel wrote to Defendants' counsel that Plaintiff "has decided to proceed with surgery." (Doc. No. 1-3.)  On August 12, 2025, counsel for Plaintiff provided another update, stating that Plaintiff's surgery "is scheduled to take place within the next two weeks. The procedure will be a left wrist dorsal compartment release." (Doc. No. 10-4 at 5.)

On September 3, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441, which allows a defendant to remove a case to a federal court when that court would have subject matter jurisdiction over the case.[2]  (Doc. No. 1.)  The Notice of Removal was filed ninety-three (93) days after Defendants were served with the Complaint, ninety-one (91) days after Defendants' stipulation request, thirty (30) days after counsel for Plaintiff's August 4, 2025 email notifying Defendant that Plaintiff would receive surgery, and twenty-two (22) days after

---

[2]   Subject matter jurisdiction in this case is based on diversity of citizenship jurisdiction.  See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

counsel for Plaintiff's August 12, 2025 email providing more information about Plaintiff's surgery.

On October 2, 2025, Plaintiff filed a Motion to Remand (Doc. No. 9), arguing that the case should be remanded to state court because Defendants' Notice of Removal was either (1) filed prematurely because Defendants never had notice of removability based on the amount in controversy exceeding $75,000, or, alternatively, (2) filed late, because it was filed more than thirty (30) days after Defendants had notice of removability.  In either case, Plaintiff wants the case to be remanded to state court.  On October 16, 2025, Defendants filed a Response.  (Doc. No. 10.)  The matter is now ripe for disposition.

## III.   STANDARD OF REVIEW

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a)(1).  If a plaintiff files a case in state court in which there is diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1), a defendant may remove the case to federal court in the district in which the state case is pending.  See 28 U.S.C. § 1441(a). The time limit for removal is set forth in 28 U.S.C. § 1446:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  "This provision speaks in strict, mandatory terms."  Enbridge Energy, LP v. Nessel, 608 U.S. ---, No. 24-cv-783, 2026 WL 1083312, at *6 (2026).  However, the "30-day default rule is subject to several exceptions in § 1446," including 28 U.S.C. § 1446(b)(3). Id. at *3.  That exception provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  If a party does not comply with the procedural requirements for removal, the case may be remanded to state court.  As set forth under § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  A procedural defect exists when, inter alia, a defendant prematurely removes a case to federal court, or when a defendant removes a case more than thirty (30) days after receiving notice that the case was removable.  See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (granting a motion to remand for premature removal); see also Enbridge, 2026 WL 1083312, at *5 (noting that the thirty (30) day removal window in § 1446(b)(1) is nonjurisdictional.)

A district court may not remand a case sua sponte for a procedural defect, because procedural defects are subject to waiver.  See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 451 (3d Cir. 2000).  Rather, for a district court to remand a case based on a procedural defect, such as premature or untimely removal, a motion to remand must be filed by a party within thirty (30) days after the notice of removal, in accordance with § 1447(c).  Korea Exch. Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 51 (3d Cir. 1995) (holding "a case

5

may not be remanded for failure to comply with the 30-day time limit absent a timely motion" to remand).

Finally, when a court rules on a motion to remand, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014) (quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co., 389 F. Supp. 3d 289, 292 (E.D. Pa. 2019) (quoting Ramos v. Quien, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008)).[3]

Here, Plaintiff filed her Motion to Remand (Doc. No. 9) on October 2, 2025, twenty-nine (29) days after Defendants filed on September 3, 2025 the Notice of Removal (Doc. No. 1). Thus, Plaintiff's Motion to Remand was timely filed in accordance with the thirty-day limit set forth in 28 U.S.C. § 1447(c), and the Court therefore has the authority to remand this case if a procedural defect is proven.

---

[3]   The United States Supreme Court recently issued two opinions related to removal. On April 22, 2026, the Court held that the procedural requirements for removal under § 1446(b) are mandatory, and, as a result, not subject to equitable tolling. See Enbridge Energy, LP v. Nessel, 608 U.S. ---, No. 24-cv-783, 2026 WL 1083312 (2026). The Enbridge decision followed another decision issued on February 24, 2026, in which the Court found that a district court's erroneous dismissal of a non-diverse defendant did not "cure" the jurisdictional defect on diversity of citizenship that existed at the time of removal. See Hain Celestial Grp., Inc. v. Palmquist, 146 S. Ct. 724, 731–32 (2026). Accordingly, the Court in that case vacated the district court's entry of final judgment for the defendants. Id. at 732. These cases demonstrate that the requirements for removal, including both procedural compliance and subject matter jurisdiction, are to be faithfully adhered to by litigants and district courts. Additionally, the cases show that district courts have no authority to override statutory directives on removal.

## IV.   ANALYSIS

Plaintiff does not dispute that the requirements for diversity of citizenship jurisdiction are met.  (See Doc. No. 9 ¶ 9–10 ) ("The Complaint itself independently confirmed removability. . . . The June 2025 correspondence, when considered together with the allegations in the Complaint was sufficient under Third Circuit precedent to establish that the jurisdictional threshold was met.").  Plaintiff is a citizen of Pennsylvania, Defendants are citizens of Arkansas, and the amount in controversy exceeds $75,000.[4]  Despite this concession from Plaintiff at this point in the litigation, Plaintiff still challenges whether this case should have been removed to federal court at all because, according to Plaintiff, a procedural defect barred removal.

### A.   Relevant Law: Removal

In cases like this one, "[t]wo thirty-day clocks limit the time within which a defendant may remove a case."  McLaren v. UPS Store Inc., 32 F.4th 232, 236 (3d Cir. 2022) (citing 28

---

[4]   As noted supra, Plaintiff names as Defendants two John Doe Defendants, but Plaintiff does not identify the residence of either John Doe Defendant.  John Doe #1 is listed in the Complaint as "the individual or entity that owns, operates, or otherwise exercises control over the Sam's Club premises located at 1717 E Old Lincoln Highway, Langhorne, PA 19047."  (Doc. No. 1-1 at 4.)  John Doe #2 is listed in the Complaint as "the individual or entity responsible for cleaning, maintaining, or inspecting the restroom area at the above Sam's Club premises."  (Id.)  Under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis [of diversity of citizenship jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."  Accordingly, the citizenship of John Doe #1 and John Doe #2 is irrelevant for purposes of determining whether diversity of citizenship existed among the Parties.

After filing a Notice of Removal, Defendants filed a disclosure pursuant to Federal Rule of Civil Procedure 7.1(a)(2), stating that (1) Sam's East Inc. was a legally existing entity and a citizen of Arkansas, but (2) Sam's Club #6693 and Sam's Club Inc. were not legally existing entities.  (See Doc. No. 3; Doc. No. 1 at 4.)  In Plaintiff's Motion to Remand (Doc. No. 9), she does not contest that diversity of citizenship between the parties exists, but rather, only focuses on when Defendants first had notice that the amount in controversy exceeded $75,000.

U.S.C. § 1446).  In <u>McLaren</u>, the United States Court of Appeals for the Third Circuit described

the two thirty-day clocks as follows:

> First, under § 1446(b)(1), a defendant has thirty days to file a notice of removal
> "after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief." Second, "if the case stated by
> the initial pleading is not removable," then, under § 1446(b)(3), a case may be
> removed within thirty days "after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable." Subsection (b)(3) "is an exception to" (b)(1), in that it only applies if
> the initial pleading did not give defendant notice of removability. <u>A.S. ex rel.
> Miller v. SmithKline Beecham Corp.</u>, 769 F.3d 204, 208-09 (3d Cir. 2014). Each
> provision, however, is triggered only when the defendant receives a particular
> document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading,
> motion, order, or other paper. If either provision is triggered, removal after thirty
> days is prohibited. <u>See</u> <u>Roth v. CHA Hollywood Med. Ctr. L.P.</u>, 720 F.3d 1121,
> 1125 (9th Cir. 2013).

<u>Id.</u>

Accordingly, if the initial pleading is insufficient to place a defendant on notice that the

case is removable to federal court, the thirty-day period will be triggered by such "other paper

from which it may first be ascertained" that the requirements for diversity of citizenship

jurisdiction are met.  <u>See</u> 28 U.S.C. § 1446(b)(1), (3).

In <u>McLaren</u>, the Third Circuit acknowledged two principles for determining when a case

may be removed.  First, the court adopted a "bright-line" rule for removal by finding that

"§ 1446(b)'s text dictates that the thirty-day clocks are triggered by either the four corners of the

initial complaint or documents a defendant receives, and not by what the defendant subjectively

knew or the documents in its possession." <u>McLaren</u>, 32 F.4th at 241.  As a result, a court

deciding a motion to remand must only focus "on what a defendant receives"—whether through

service of a Complaint or receipt of some "other paper." <u>Id.</u> at 238.  Second, the <u>McLaren</u> court

held that the thirty-day clock is triggered only when "the document informs the reader, to a

8

substantial degree of specificity, [that] all the elements of federal jurisdiction are present." Id. (quoting Foster v. Mut. Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993)).

Here, the outcome of this dispute depends on whether, in the thirty-day window before Defendants removed the case to this Court, Defendants were put on notice that the jurisdictional threshold was met.

> **B.      Defendants' Removal was Premature Because the August 2025 Emails About Plaintiff's Upcoming Surgery Did Not Put Defendants on Notice That the Case was Removable**

Defendants filed a Notice of Removal (Doc. No. 1) on September 3, 2025.  Defendants claim that they removed the case because the two emails sent in August 2025 put them on notice that Plaintiff's case exceeded the $75,000 jurisdictional threshold.[5]  First, on August 4, 2025, counsel for Plaintiff stated that "[o]ur client, Chante Mason, has decided to proceed with surgery. As a result, we are not in a position to provide you with a meaningful demand at this time." (Doc. No. 10-4 at 5.)  Second, on August 12, 2025, counsel for Plaintiff provided another update, stating that Plaintiff's surgery "is scheduled to take place within the next two weeks. The procedure will be a left wrist dorsal compartment release." (Id.)  Defendants claim that the August 2025 emails were "other paper" from which they first ascertained that the case exceeded the $75,000 jurisdictional threshold.  (Doc. No. 1 ¶ 45; Doc. No. 10 at 14) (citing 28 U.S.C. § 1446(b)(3)).  Plaintiff counters that the August 2025 emails were insufficient because "vague

---

[5]  Written correspondence between counsel for parties, like the August email exchange between counsel for Plaintiff and counsel for Defendants, may constitute "other paper" under Section 1446(b)(3).  See Efford v. Milam, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005); see also Mariani v. Raymours Furniture Co., Inc., No. 24-CV-10912, 2025 WL 1520699, *5–6 (D.N.J. May 13, 2025), report and recommendation adopted, No. 24-CV-10912, 2025 WL 1519221, (D.N.J. May 28, 2025).

references to treatment or surgery" could not put Defendants on notice of the case's removability. (Doc. No. 9 ¶ 17–18.)

As explained above, in analyzing whether removal is timely, a court must determine whether a document "inform[s] Defendants to a substantial degree of specificity that the amount in controversy" exceeds $75,000. McLaren, 32 F.4th at 237. Here, the August 2025 emails do not satisfy the "substantial degree of specificity" requirement for three reasons.

First, both August emails failed to provide facts from which damages could readily be calculated. For example, counsel for Plaintiff's August 4 email states that, "[a]s a result of [Plaintiff's upcoming surgery], we are not in a position to provide with a meaningful demand at this time." (Doc. No. 10-4 at 5.) In this email, counsel for Plaintiff not only did not shed light on costs associated with Plaintiff's surgery, but also expressly declined to provide a settlement demand amount. Additionally, the August 12 email states that surgery will be on Plaintiff's left wrist, which did not provide insight into the damages calculation.

Second, the removal principles set forth in McLaren "ensur[e] that the § 1446(b) clocks are not triggered by unclear or incomplete information about removability" and "discourages defendants from 'remov[ing] cases prematurely for fear of accidentally letting the thirty-day window to federal court close.'" McLaren, 32 F.4th at 239 (quoting Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013)). Because the emails are, at best, incomplete pictures of Plaintiff's damages, they did not inform Defendants to a substantial degree that the amount in controversy exceeded $75,000.

Third, Defendants "bear[] the burden of showing that removal is proper," but here they have failed to demonstrate in their Notice of Removal (Doc. No. 1) or in their Response in Opposition to Plaintiff's Motion to Remand (Doc. No. 10) why a wrist surgery would propel the

case beyond the jurisdictional threshold.  Foreacre v. Wal-Mart Stores, Inc., No. CV 22-4231,

2023 WL 349787, at *2 (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Because removal statutes "are to be strictly construed and all doubts should be resolved in favor

of remand," the lingering ambiguity on the cost of Defendant's wrist surgery were insufficient to

put Defendants on notice that the case was removable.  A.S. ex rel. Miller, 769 F.3d at 208.

To support their argument that the August emails provided adequate notice of

removability, Defendants cite to one post-McLaren case holding that an Operative Report from a

plaintiff's past shoulder surgery qualified as "other paper" under Section 1446(b)(3).  See

Mariani v. Raymours Furniture Co., Inc., No. 24-CV-10912, 2025 WL 1520699, at *6 (D.N.J.

May 13, 2025), report and recommendation adopted, No. 24-CV-10912, 2025 WL 1519221

(D.N.J. May 28, 2025).  But in that same case, the court also found that an earlier discovery

response on plaintiff's surgery was insufficient to provide notice of removability because the

response concerned only a potential, relatively minor procedure.  Id. ("Plaintiff's Answers to

Interrogatories enumerated the physical injuries to her nose, shoulder, hand, and leg, but stated

that only her fractured nose required surgery.").

Moreover, other courts that have denied motions to remand in personal injury cases

required explicit statements that the amount in controversy exceeded the jurisdictional threshold.

See, e.g., Eschenbach v. Boardwalk Regency Corp., No. CV 24-10862, 2025 WL 2084394, at *3

–5  (D.N.J. June 23, 2025) (finding counsel for plaintiff's admission that "they are viewing this

as a 7-figure case" was the "first document to provide an explicit valuation of [p]laintiff's

damages" because prior communications "[did] not indicate the costs associated" with plaintiff's

treatments and procedures); Baucom v. Torres Vidal, No. 24-cv-1818, 2024 WL 5108439, at *4

(E.D. Pa. Dec. 12, 2024) (noting that, when a plaintiff's complaint mentioned "possible surgery,"

the removal clock was only triggered when the plaintiffs later filed a memorandum in the case, which "included a settlement demand of $350,000.").

In this case, the August emails did not include details on the cost of Plaintiff's wrist surgery or her total damages.  As a result, they did not constitute "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); see also Beganovic v. Fed. Express Corp., No. 24-cv-2853, 2024 WL 4543043, at *4–5 (E.D. Pa. Oct. 22, 2024) (granting plaintiff's motion to remand because defendant removed the case on the basis of documents that did not provide notice of removal).

Because the August 2025 email correspondence did not put Defendants on notice that the case was removable, their Notice of Removal (Doc. No. 1) was premature and therefore procedurally defective.[6]  Additionally, the removal statute invoked by Defendants, 28 U.S.C. § 1441, must be "strictly construed in favor of state court adjudication."  Calhoun v. Murray, 507 F. App'x 251, 260 (3d Cir. 2012).  Accordingly, the Court will grant Plaintiff's Motion to Remand.[7]

---

[6]  In Plaintiff's Motion to Remand (Doc. No. 9), Plaintiff also submits that Defendants were put on notice that the case exceeded the $75,000 threshold earlier than the August 2025 emails.  Specifically, Plaintiff argues that (1) service of the Complaint on June 2, 2025 put Defendants on notice that the case was removable, and (2) Plaintiff's refusal to stipulate to damages below the jurisdictional threshold on June 4, 2025 put Defendants on notice that the case was removable.  (Doc. No. 9 ¶ 9–10.)  The Complaint merely provides in the ad damnum clause that Plaintiff is seeking "an amount in excess of $50,000."  (Doc. No. 1-1 at 10.)  Additionally, no dollar amount accompanied Plaintiff's refusal to stipulate to damages.  Neither of these documents informed Defendants, "to a substantial degree of specificity," that Plaintiff was seeking over $75,000 in damages.  See Bambino-Forte v. JBH Trucking, Inc., No. CV 25-4701, 2025 WL 3543620, at *4 (E.D. Pa. Dec. 10, 2025) (collecting "post-McLaren decisions holding that complaints without specified damages are insufficient to provide notice of a case's removability.").

[7]  In Calhoun v. Murray, the Third Circuit held that "[d]espite this defect of premature removal, we decline to remand this case to state court."  507 F. App'x 251, 260 (3d Cir. 2012).  Critical to the court's holding was that the defendant in that case removed under a different removal statute than the one invoked here.  The removal statute in Calhoun, 28 U.S.C. § 1442, permits a federal officer defendant to remove a case to federal court when the case "relat[es] to any

V.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 9) will be granted and

this case will be remanded to the Philadelphia Court of Common Pleas pursuant to 28 U.S.C. §

1447(c).  An appropriate order follows.

---

act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."  28 U.S.C. § 1442(a)(1).  In contrast to the general removal statute invoked in the present case, 28 U.S.C. § 1441—which "is to be strictly construed in favor of state court adjudication"—the court in Calhoun noted that § 1442 "should be broadly construed in favor of a federal forum."  507 F. App'x at 260.  Additionally, because "the gravamen of [plaintiff's] claims [were] federal in nature," and the procedural defect was "not the result of bad faith or undue delay on the part of the defendants," the court declined to remand the case to state court on the basis of the federal officer's premature removal.  Id.  Because Defendants in the present case removed it based on the "general removal statute, 28 U.S.C § 1441," and because the gravamen of Plaintiff's premises liability case is not "federal in nature," these are further reasons for the Court to remand the case to state court.